IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| QUANSHAYLA GLOVER | ) | |
| | ) | |
| Plaintiff, | ) | NO: |
| | ) | |
| vs. | ) | JURY DEMAND |
| | ) | |
| BRENTWOOD COUNTRY CLUB | ) | Judge: |
| | ) | |
| | ) | Magistrate Judge: |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

1. Plaintiff, QuanShayla "Shay" Glover, ("Glover"), brings this Complaint against Defendant, Brentwood Country Club, ("Defendant"), for race discrimination in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 *et seq.* ("Section 1981") and for race discrimination and retaliation in violation of the Tennessee Human Rights Act ("THRA") Tenn. Code Ann. § 4-21-101 *et. seq*.

**II. Parties**

2. Glover has resided within the State of Tennessee, Middle District of Tennessee – Rutherford County at all relevant times hereto.

3. Defendant conducts business within the geographic boundaries of the Middle District of Tennessee - Williamson County, Tennessee at all times relevant to this action.

**III. Jurisdiction and Venue**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. § 1367, and Tennessee Common Law.

5. Glover, at all times relevant to this action, was an at-will employee of the Defendant and an employee as defined in Tenn. Code Ann. § 4-21-102(5).

6. Defendant is an "employer" as that term is defined by Tenn. Code Ann. § 4-21-102(5).

7. All events pertinent to this lawsuit have occurred in the legal environs of Williamson County, Tennessee, thus venue in this court is proper.

8. Glover's federal law claim arises from the same common nucleus of operative fact as her state law claims, and all of her claims form a single case and controversy under Article III of the United States Constitution.

## IV. Factual Allegations

9. Ms. QuanShayla "Shay" Glover ("Glover") is an African American female.

10. Glover was permanently hired by Respondent as a Server around December 2024 after previously performing occasional shifts. At all times relevant, she has met or exceeded Respondent's legitimate performance expectations.

11. From the start of her employment, Glover experienced differential and discriminatory treatment compared to her Caucasian coworkers. For example, she was instructed that her nose piercing must be "clear-colored," but was later told she could not wear it at all. Meanwhile, a white male coworker with several face piercings who works in the men's grill area was not questioned or disciplined for having visible piercings, despite working in the same customer-facing position.

12. Management also appeared to intentionally have the only African American manager, James Jones ("Jones'), communicate with Glover while the other managers would only stare at her or avoid direct interaction. Glover further observed that managers often spoke to her

in a demeaning, condescending manner and at times screamed at her. Other servers and hosts, such as Cheyanne Emrick, noticed this differential treatment and reassured her by saying things such as, "I don't see them treat other servers that way."

13. On September 25, 2025, during a staff meeting, Glover accidentally interrupted Peter Cloud ("Cloud"), a Caucasian male manager. Glover immediately apologized and looked down. Cloud then called her out publicly for not making eye contact. Glover calmly replied, "I don't have to look at you, I can listen without looking at you."

14. Later that day, Glover met with Courtney Massey ("Massey"), Clubhouse Manager and Caucasian, to discuss the way she had been treated by management. During this conversation, Massey stated, "I just need a pleasant—a smile—from you. I haven't seen that from you." Glover explained, "I always smile at every member that comes to my table." Massey then reframed Glover's comments to suggest that Glover was unhappy in her position and implied that she should consider finding another job.

15. In response, Glover engaged in a protected activity as she complained, "I feel like I'm being picked on because I'm Black, honestly. That's how I feel. People treat me a different kind of way because I'm Black. I'm mainly working around white people, and I always get treated this way." Massey responded, "I'm sorry you're feeling this way." Glover gave examples of differential enforcement of rules, noting that white female servers regularly wore yoga pants without consequence, whereas she was reprimanded early on for wearing professional black slacks.

16. Glover then redirected the discussion to raise broader workplace concerns, reporting that servers were afraid to complain and that morale was declining. Massey quickly replied, "I'm getting new staff in here. Those that don't want to work won't have to work, if you

know what I mean. I need people to be on the same team as me or I'm going to let them go." Massey ended the meeting on a seemingly cordial note, encouraging Glover to have other employees bring their concerns to her directly.

17. However, on the very next day, September 26, 2025, Glover arrived at work and was met at the door by the HR Manager, Alex Scott ("Scott"). Without being allowed to begin her shift or set down her belongings, she was asked to follow him to a room where Massey was waiting. Scott immediately stated, "We're going to have to let you go." When Glover asked for the reason, he said, "We are just going in a different direction." Glover's separation notice—signed by Massey and received via email the same day—listed the reason for termination as "staff reorganization."

18. At the time of her termination, Glover was the only Black server working lunch shifts and regularly employed at the restaurant. Similarly-situated individuals outside of Glover's protected classes who engaged in same or similar behaviors have not been terminated. The reason given for Glover's termination is pretext, as Glover was terminated out of discrimination on the basis of her race and out of retaliation for complaining of harassment, a hostile work environment, and differential treatment due to her race – a protected activity.

19. Immediately after her termination, she continued to receive GigPro app notifications that the restaurant was hiring for server positions and was inviting her to apply.

20. Respondent's actions against Glover were done intentionally, willfully, and/or with reckless indifference to her rights as protected by 42 U.S.C. § 1981, the THRA, and Tennessee common law. Glover has suffered losses and continues to suffer losses due to Respondent's violations.

## V. Causes of Action

## Count I.  Violation of 42. U.S.C. § 1981 – Racial Discrimination

21. Glover hereby incorporates by reference paragraphs one (1) through twenty (20) of her Complaint.

22. Glover is an African American.

23. Glover was qualified for her position.

24. Glover suffered an adverse employment action when she was harassed and treated differently that her Caucasian co-workers and when Defendant terminated her.

25. Glover was treated less favorably that her co-workers because of her race.

27. Defendant's actions were willful, intentional, and done with reckless disregard for Glover's rights.

28. Glover has suffered and continues to suffer damages as a result of Defendant's actions.

## Count II.  Violation of the Tennessee Human Rights Act ("THRA") – Race Discrimination

29. Glover hereby incorporates by reference paragraphs one (1) through twenty-eight (28) of her Complaint.

30. Glover is an African American.

31. Glover was qualified for her position.

32. Glover suffered an adverse employment action when she was harassed and treated differently that her Caucasian co-workers and when Defendant terminated her.

33. Glover was treated less favorably that her co-workers because of her race.

34. Defendant's actions were willful, intentional, and done with reckless disregard for Glover's rights.

35. Glover has suffered and continues to suffer damages as a result of Defendant's actions.

**Count III.  Violation of the Tennessee Human Rights Act ("THRA") – Retaliation**

36. Glover hereby incorporates by reference paragraphs one (1) through thirty-five (35) of her Complaint.

37. Glover engaged in a protected activity by filing a complaint with Defendant of harassment and hostile work environment by Defendant.

38. Defendant then terminated Glover from her employment.

39. Defendant's actions were willful, intentional, and done with reckless disregard for Glover's rights as protected by the THRA.

40. Glover has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff, QuanShayla Glover, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate the Plaintiff to her former position or award front pay in lieu thereof;

2. Order that the Plaintiff be awarded any back pay she would have earned, including interest thereon, absent Defendant's unlawful acts;

3. Award the Plaintiff compensatory damages, consequential damages, emotional distress damages;

4. Award the Plaintiff punitive damages;

5. Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

6. Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

7. Grant such other relief as may be just and proper.

Respectfully submitted,

*/s/ Rachel Ringer*
Rachel Ringer, TBPR No. 041951
Kyle F. Biesecker, TBPR No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: rringer@bdlegal.com
kfb@bdlegal.com

*Attorneys for Plaintiff*

### DEMAND FOR JURY TRIAL

The Plaintiff, QuanShayla Glover, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*/s/ Rachel Ringer*
Rachel Ringer, TBPR No. 041951
Kyle F. Biesecker, TBPR No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: rringer@bdlegal.com
kfb@bdlegal.com

*Attorneys for Plaintiff*